IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF JIMMY CARTER by and through its administrator LORESA CARTER, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| SSC SELMA OPERATING COMPANY LLC d/b/a WARREN MANOR HEALTH AND REHABILITATION CENTER, *et al.*, ) ) ) ) ) | CIVIL ACTION NO. 2:19-CV-00431-JB-M |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Dismiss of Defendant Bio-Medical Applications of Alabama, Inc., d/b/a Fresenius Medical Care of Dallas County, a/k/a Fresenius Kidney Care of Dallas County ("FKC") (Doc. 4), and the Motion to Dismiss of Defendant Fresenius Medical Care Holdings, Inc. ("FMCH") (Doc. 7). On June 1, 2020, the Court entered an Order granting the Motions and noted a Memorandum Opinion would follow. (Doc. 17)[1].

Following the filing of the Defendants' respective Motions, the Court entered orders requiring Plaintiff to respond. (Docs. 6 and 8). Plaintiff failed to comply, and has otherwise failed to oppose the Motions. By such failures, Plaintiff has waived its opportunity to be heard on the Motions. *Long v. Patton Hospitality Mgmt., Inc.*, 2016 U.S. Dist. LEXIS 55278, at *n.1 (S.D. Ala. April 26, 2016). Plaintiff's failures to respond, however, do not constitute abandonment of its

---

[1] On June 23, the Court entered an Order severing and remanding Plaintiff's claims against all non-Fresenius Defendants, but retaining jurisdiction over Plaintiff's claims against the Fresenius Defendants. (Doc. 18).

1

claims nor do they permit a "reflexive granting of [the Motions] without examining the merits." *Long*, 2016 U.S. Dist. LEXIS 55278, at *n.1 (citing *Gailes v. Marengo County Sheriff's Dept.*, 916 F.Supp.2d 1238, 1243 - 44 (S.D. Ala. 2013); *Church v. Accretive Health, Inc.*, 2014 U.S. Dist. LEXIS 173191, at *n.11 (S.D. Ala. Dec. 16, 2014)).  Nevertheless, Plaintiff has failed to oppose the Motions at its own peril. *Long*, 2016 U.S. Dist. LEXIS 55278, at *n.1.  This Court will not interpose arguments that Plaintiff could have made but did not. *Id.*

Defendant FKC's Motion to Dismiss notes Plaintiff's claims are governed by the Alabama Medical Liability Act ("Act"), Ala. Code § 6-5-540, *et seq*.  (Doc. 4, at PageID.241).  FKC moves for dismissal based on § 6-5-551, which requires that the complaint contain "a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable."  Section 6-5-551 also provides that a complaint which fails to include such detailed specification and factual description "shall be subject to dismissal for failure to state a claim upon which relief may be granted."  The Court agrees with FKC's characterization of Plaintiff's claims against it as a "vague, laundry list of conclusory allegations and potential legal theories." (Doc. 4, at PageID.244).  Plaintiff's claims do not offer any detailed facts or descriptions of any date, person, or act or omission attributable to FKC.  Plaintiff has failed to provide FKC with any meaningful notice of the alleged acts or omissions for which Plaintiff seeks to hold FKC liable.  The Court finds that FKC's Motion to Dismiss is sufficiently pled, well-taken, and is due to be granted.

Defendant FMCH's Motion to Dismiss notes that Plaintiff alleges that FMCH "owns and operates" FKC, and that FMCH is vicariously FKC's actions and those of its employees, agents, and/or servants. (Doc. 7, at PageID.251).  FMCH denies these allegations.  FMCH moves for

dismissal based on the argument that Plaintiff cannot bear its burden to prove a breach of or deviation from the appropriate standard of care absent a "provider-patient" relationship. (*Id.*, at PageID.253 (citing *Lyons v. Walker Reg'l Med. Ctr.*, 791 So. 2d 937, 942 (Ala. 2000); *Wilson v. Teng*, 786 So. 2d 485, 498 - 99 (Ala. 2000)).  FMCH argues that it is neither a "health care provider" nor among "other health care providers" as those terms are defined at sections 6-5-542 and 6-5-481 of the Act, respectively.  Under the limited facts in this case, and having no response from Plaintiff, it appears that FMCH has sufficiently demonstrated that it bore no provider-patient relationship to Plaintiff's decedent.  The existence of a provider-patient relationship is necessary for the existence of a duty.  *See Teng*, 786 So. 2d at 489 - 499 ("Liability for a breach of the standard of care depends, first, on the existence of a duty to the patient, which, in turn, depends on the existence of a physician-patient relationship creating the duty.").  The Court finds that FMCH's Motion to Dismiss is sufficiently pled, well-taken, and is due to be granted.

Based on the foregoing, and without the benefit of any response by Plaintiff, the Court orders that FKC's Motion to Dismiss (Doc. 4) and FMCH's Motion to Dismiss (Doc. 7) are GRANTED. [2]

**DONE and ORDERED** this 13th day of July, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE

---

[2] The Fresenius Defendants' Motion for Summary Judgment (Doc. 16) is moot.